91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John R. GOMEZ, Plaintiff-Appellant,
v.
John FLORES, in his capacity as paint supervisor in
Calipatria, CA; Les Safford, in his capacity as paint
supervisor in Calipatria, CA; Dan Schithuber, in his
capacity as paint supervisor at Calipatria, CA, Defendants-Appellees.
 No. 95-56321.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John R. Gomez, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in Gomez's 42 U.S.C. § 1983 civil rights action. Gomez contends that defendant prison officials violated his constitutional rights by removing him from his job on the prison paint crew, subjecting him to a disciplinary hearing for failing to follow work orders, and failing to reinstate him to his painting position. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 We reject Gomez's contention that his due process rights were violated by his removal from the paint crew. The loss of a particular work assignment does not present "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin v. O'Connor, 115 S.Ct. 2293, 2300-02 (1995); see also Moody v. Daggett, 429 U.S. 78, 88 n. 9 (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss.")
 
 
 4
 With regard to Gomez's remaining claims, we affirm for the reasons stated in the district court's thorough order filed on July 27, 1995.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Gomez also contends that the district court should have appointed him counsel. Because Gomez did not present this request to the district court, we decline to consider the issue. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994), cert. denied, 115 S.Ct. 1378 (1995)